IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO: |
| Plaintiff, | JUDGE WATSON |
| vs. | 2:18 cr 232 |
| MARCUS D. DUNN, Esq. | The Charge: 26 U.S.C. § 7212(a) Corrupt Endeavor to Obstruct of Impede the Due Administration of the Internal Revenue Laws |
| Defendant. | |

FILED
RICHARD W. NAGEL
CLERK OF COURT

2018 NOV -7 AM 9:33

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## INFORMATION

The United States Attorney for the Southern District of Ohio charges that:

### Introduction

At times relevant to this Information:

1. Defendant MARCUS DUNN was a resident in the Southern District of Ohio.

2. MARCUS DUNN was an attorney licensed to practice law in the State of Ohio. From the late 1990's to 2016, DUNN practiced law at Law Firm A, a small five-person limited liability company located in Columbus, Ohio.

3. Since 2007 through at least 2015, the attorneys at Law Firm A, including DUNN, provided legal services to Dr. Kevin B. Lake, and his many entities, primarily relating to his operation of a medical clinic located at 2912 South High Street, Columbus, Ohio known as Columbus Southern Medical Clinic ("Columbus Southern"). Law Firm A operated as a small firm with both Partners A & B as well as DUNN as the firm's partners while Associate B was the only associate. Attorneys at Law Firm A were the main group of lawyers providing legal

services to Dr. Lake. MARCUS DUNN was in charge of taxation issues, Partner B handled health care law issues, Associate B handled civil litigation, and Partner A was Dr. Lake's main advisor and counselor.

4. In 2008, DUNN specifically advised Dr. Lake on "limelight diminishing strategies" so as to keep Dr. Lake out of the "limelight" with regard to his entities.

5. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States, including collecting taxes owed to the United States.

6. Dr. Lake filed false Forms 1120 with the IRS for tax years 2007 and 2008 for the following entities, as to which the tax liability was substantially understated:

    a. Advisors Capital Management, LLC, for the 2007 tax year.

    b. CSMC Group, LLC, for the 2008 tax year.

    c. Columbus Southern Medical Group, LLC, for the 2008 tax year.

    d. Dr. North, LLC, for the 2008 tax year.

7. The returns for these Lake entities were subsequently audited in calendar year 2009 and 2010 and numerous deductions were disallowed. Notably, one recurring set of large deductions disallowed on these returns were false equipment purchases deducted as Section 179 accelerated depreciation expenses.

8. Beginning on or about January 2010 and continuing through June 16, 2015, in the Southern District of Ohio and elsewhere, DUNN did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws in the course of a civil audit and other IRS proceedings of which he had knowledge by making misleading misrepresentations to IRS Revenue Agents, and IRS attorneys by the following means:

a. DUNN was the primary contact for the Revenue Agent ("RA") auditing the returns. DUNN knowingly provided to the RA documentation or agreements that he was requested and required to provide by the IRS. The documents and agreements were provided to DUNN by or on behalf of Dr. Lake for DUNN to give to the IRS and which were self-serving to Dr. Lake, not arms-length, and materially false. For example, DUNN provided the RA with "bills of sale" to show that the deductions for the entities' purchases of equipment were supported by contracts. Yet during this same time frame, DUNN, at Dr. Lake's request and direction, participated with Dr. Lake in creating similar "bills of sale" for 2010 between Dr. Lake entities that reflected a significant inflated value for the same equipment. Those agreements falsely inflated the value of the so-called equipment to $24,000,000, an amount DUNN knew to be false.

b. At the time DUNN submitted the inflated "bills of sale" to the IRS RA during the audit in support of the inflated depreciation deductions, he had provided contrary information to others regarding the true value of the equipment. Notably, DUNN had claimed to third parties that the value of the equipment at Columbus Southern was of significantly lower value than as was stated to the RA during the audit.

c. After the IRS continued to disallow the depreciation deductions for three of the audited entities, DUNN filed petitions in United States Tax Court in 2011 at the request of Dr. Lake, so as to continue the dispute over the deductions, and in order to postpone any judgment pending Dr. Lake's efforts to sell the

3

stock in the entities that owned the medical clinic to the employees in an Employee Stock Ownership Plan ("ESOP") transaction. DUNN was assisting Dr. Lake with the ESOP transaction.

d. In June 2013, IRS Chief Counsel ("Chief Counsel") was assigned the Tax Court case and asked DUNN for the supporting documents related to the inflated depreciation expense deductions. DUNN provided Chief Counsel with the same equipment inventory listing that DUNN had earlier provided to third parties when he informed those others that the equipment was of a significantly lower value than that indicated by the depreciation deductions.

e. When Chief Counsel attempted to gather information about Dr. Lake's involvement in the audited entities on the eve of trial, DUNN falsely denied that Dr. Lake ran the day-to-day activities of the audited entities, and falsely denied even that he was acting as an attorney for Dr. Lake, individually. The IRS and DUNN, with Dr. Lake consent, agreed to settle the three cases in Tax Court.

f. On February 7, 2014, Dr. Lake and DUNN agreed the audited entities of Dr. Lake had inappropriately taken various deductions on three of the Forms 1120 and agreed to the following tax deficiencies, including the substantial understatement penalty:

| | | |
|---|---|---|
| 1. Columbus Southern Medical Group, LLC | 2008 | $193,645,20 |
| 2. CSMC Group, LLC | 2008 | $302,912.00 |
| 3. Dr. North, LLC | 2008 | <u>$112,026.00</u> |
| | TOTAL | $608,583.20 |

4

    g. The tax loss, excluding interest and penalties, was $507,128.00

9. After settlement of the Tax Court proceedings, the case was transferred to the IRS Collection Division. On September 9, 2014, DUNN was contacted by an IRS Revenue Officer ("RO"). DUNN misled the IRS RO, by telling her the following regarding Columbus Southern Medical Group, LLC and Dr. North, LLC:

    a. They were closed;

    b. That he had no idea who the officers of the entities were;

    c. The entities had no assets;

    d. A Form 433-B, Collection Information Statement for Businesses, would be all "zeroes;" and

    e. He did not know where the entities banked.

10. Relying at least partially on DUNN's statements, the IRS RO requested closure of the collection cases because she believed the entities were defunct with no assets.

11. DUNN's statements to the IRS RO attempting to collect the tax due and owing were knowingly false and purposely misleading. At the time he was communicating with the RO and indicating that the tax liabilities of these entities were uncollectable, DUNN knew that the tax liabilities of these entities had become the responsibility (by merger and acquisition) of a subsidiary of CSMCG, Inc. through the ESOP, which DUNN assisted Dr. Lake in creating and implementing. All while undergoing audit and tax court litigation, DUNN knew that the entities (and respective tax liabilities) were merging with one another and DUNN and several other professionals were instrumental in the creation of the ESOP at all stages, and the tax liabilities were specifically discussed.

12. The tax liabilities went unpaid after DUNN's statements.

13. Only after Dr. Lake pleaded guilty to violating federal law in February 2017 were these outstanding tax liabilities paid out of funds that were seized by the government.

**All in violation of 26 United States Code § 7212(a)**

BENJAMIN C. GLASSMAN
Acting United States Attorney

CARL F. BROOKER
RICHARD M. ROLWING
Trial Attorneys, CESN
Tax Division, U.S. Dept. of Justice
Carl.F.Brooker@usdoj.gov
Richard.M.Rolwing@usdoj.gov
(614) 255-1638